**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>**Edith M. Chew**<br>　　　　　Debtor.<br>　　　　　Objecting Party<br>　v.<br>**NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING**<br>　　　　　Respondent. | Bankruptcy 20-12591-elf<br><br>Chapter 13<br><br>Related to Doc. No. 48 |

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NUMBER 3

　　The undersigned, RAS Crane, LLC, attorneys for Secured Creditor NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING ("Secured Creditor"), hereby files its Response to Debtor's Objection to Claim 3 ("Objection") (DE # 48), and in support thereof states as follows:

1. Debtor, Edith M. Chew, ("Debtor"), filed the instant Chapter 13 Petition on June 10, 2020.

2. Secured Creditor timely filed its Proof of Claim on July 27, 2020 as Claim Number 3.

3. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim (and, by extension, supplemental proof of claim) executed and filed in accordance with the Bankruptcy Rules "shall constitute prima facie evidence of the validity and amount of the claim."

4. On September 24, 2020 Debtor filed an Objection, asserting allegations opposing Secured Creditor's claim.

5. Secured Creditor's Proof of Claim pre-petition arrearage of $20,370.85 is comprised of Principal & Interest due in the amount of $9,865.10; Pre-Petition Fees due of $450.00; Escrow deficiency for funds advanced in the amount of $4,639.38, and Projected Escrow Shortage of $6,866.81; less the funds on hand of $1,450.44.

6. All aforementioned categories comprising the pre-petition arrearages, other than Projected Escrow Shortage, are itemized in the Form 410(a) Part 5. Loan Payment History from First Date of Default. Secured Creditor relies on the validity of this loan payment history as Debtor does not refute or call into question any specific transaction.

7. Debtor's loan with Secured Creditor was last current on June 1, 2019 and the loan was contractually due for the September 1, 2019 installment payment as of the date of the bankruptcy's filing, June 10, 2020.

8. Secured Creditor's Projected Escrow Shortage of $6,866.81 is consistant with the Section 10 of the Real Estate Settlement and Procedures Act ("RESPA").

9. Section 10 of RESPA states, in pertinent part, that each month the lender may require a borrower to pay into the escrow account no more than 1/12 of the total of all disbursements payable during the year, plus an amount necessary to pay for any shortage in the account. In addition, the lender may require a cushion, not to exceed an amount equal to 1/6 of the total disbursements of the year. Also, the lender must perform an escrow account analysis once during the year and notify borrowers of any shortage.

10. Additionally, Section 10 of RESPA states that, if the escrow account analysis discloses a deficiency, then the servicer may require the borrower to pay additional

monthly deposits to the account to eliminate the deficiency. If the deficiency is less than one month's escrow account payment, then the servicer, may allow the deficiency to exist and do nothing to change it, may require the borrower to repay the deficiency within 30 days, or may requires the borrower to repay the deficiency in two or more equal monthly payments.

11. Attached to secured Creditor's Proof of Claim is an Escrow Account Disclosure Statement, which clearly sets forth the Projected Escrow Shortage amount of $6,866.81 as calculated according to the requirements of Section 10 of RESPA. This amount is comprised of "Upcoming Total Annual Bills" of $8,976.13; a "Required Cushion" of $1,496.02; and a "Required Starting Balance" of 6,866.81.

12. Secured Creditor has the right to require these amounts at the time of bankruptcy filing per Section 10 of RESPA to prevent the escrow account from being overdrawn.

13. Since the account included a projected escrow shortage of $6,866.81 at the time of the bankruptcy filing, Secured Creditor is entitled to include this projected escrow shortage amount in the pre-petition arrearage calculation within its Proof of Claim.

14. Secured Creditor's Proof of Claim, is neither incorrect nor improper as filed.

15. Secured Creditor reserves the right to supplement its Response to Debtor's Objection at any time before or at the hearing.

**WHEREFORE**, Creditor respectfully requests that this Honorable Court overrules Debtor's objection and allows Secured Creditor's Proof of Claim as filed so as to preserve Creditor's Claim, and for such other and further relief as the Court may deem just and proper.

**Robertson, Anschutz, Schneid & Crane LLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@rascrane.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| In re:<br><br>**Edith M. Chew**<br>　　　　　Debtor.<br>　　　　　Objecting Party<br>　v.<br>**NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING**<br>　　　　　Respondents. | Bankruptcy 20-12591-elf<br><br>Chapter 13<br><br>Related to Doc. No. 48 |
|---|---|

CERTIFICATE OF SERVICE

　　I certify under penalty of perjury that I served the above captioned pleadings at the addresses specified below on October 12, 2020 ,

　　The types of service made on the parties were:

By First-Class Mail:

Edith M. Chew
206 Gulph Creek Road
Wayne, PA 19087

DAVID A. SCHOLL
Law Office of David A. Scholl
512 Hoffman Street
Philadelphia, PA 19148

WILLIAM C. MILLER, Esq.
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Office of the U.S. Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106

**Robertson, Anschutz, Schneid & Crane LLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@rascrane.com