**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:
**EDITH M. CHEW,**                                :         **CHAPTER 13**
**Debtor**

                                                 :         **BANKRUPTCY NO. 20-12591**

**DEBTOR'S MEMORANDUM OF LAW IN REPLY TO MEMORANDUM OF NEW REZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING IN SUPPORT OF ITS RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 3**

On February 2, 2021, the Debtor and its mortgagee, New Rez, LLC, d/b/a Shellpoint Mortgage Services ("NR") filed opposing Memoranda relating to the Objections of the Debtor to NR's proof of claim. This court allowed each of the parties to file reply memoranda to the initial memoranda of the other party on or before February 9, 2021. This Memorandum is submitted as a reply to the Memorandum submitted by NR.

It will be recalled that NR presented no new evidence at the hearing of January 12, 2021, to directly rebut the Debtor's clear and simple testimony that her mortgage arrears should be no more than the amount of her mortgage payments which were unpaid pre-petition (no more than $1789.05) times the payments missed (nine), or $16,101.45.

NR presents a convoluted argument as to why the payment should or might be more. However, many of the assertions therein are definitely not supported by the authority cited therefor.

These problems begin on the third page of NR's Memorandum. Therein, NR makes several assertions regarding the provisions of the Real Estate Settlement Procedures Act (RESPA) relevant to calculation of mortgage escrow payments. There was no testimony from any NR agent relative to its claim, and of course no opportunity for the Debtor's counsel to cross-examine any witness (or question NR's counsel) on these requirements.

1

Thus, the pertinency and accuracy of the provisions of RESPA asserted by NR could not be questioned during the hearing.

On the fifth page of the Memorandum, NR begins a series of assertions, allegedly supported by certain paragraphs of the claim which are in fact not so supported.  The statement is made that "five pre-petition payments" were made from which "$2494.71 was applied to fund Debtor's escrow account."  There is no indication what pre-petition period is at issue, and why alleged payments of $957.67 and $872.54, clearly not full payments, are recorded.  It is true that a portion of three payments of $831.57 attributed to "Escrow" comes to $2494.71, but there is no explanation as to why these portions of the payments were attributed to escrow.  It is next stated that "$7134.09 was advanced to fund escrow payments."  However, this figure appears nowhere on the Exhibits, and it is unclear from where it is derived.

Several clear errors appear on the sixth page.  It is true that the "projected" escrow disbursements for 2020 and 2021, according to NR, total $8976.13.  However, those disbursements include $1842.04 for "Hazard," apparently homeowners' insurance which the Debtor testified without contest she paid herself directly.  As a result, the disbursements total is overstated, and should be but $7134.09.  Assuming arguendo that NR correctly interprets the unproven RESPA provisions to allow a one-sixth "cushion," that figure is properly computed at $1189.02 rather than $1496.02. This erroneous $1496.02 figure is carried over into the computation of the disputed $6866.81 "projected escrow deficiency."  It is therefore submitted that RN has not only not made out any case for why it has allowed any escrow deficiency to accrue, and its case for the particular deficiency asserted is clearly excessive on its face.

NR makes no case for its $450 fee due.  It accurately stated that fees are recoverable only in the event of a "default" by the Debtor.  However, it never identifies any

"default" on the part of the Debtor which triggered the loan modification agreement.  It is denied that any "default" occurred, but that the loan modification was offered and accepted because it was mutually beneficial to the parties.  The Debtor also reiterated that NR has presented no time-records of its services, as is necessary to support the requested fee-shifting to the Debtor.  This portion of the claim must therefore be stricken.

The Debtor therefore continues to maintain that her arrears owed to NR should be reduced to no more than $16,101.45.
'

Dated:  February 9, 2021

Respectfully submitted,

_____
/s/DAVID A. SCHOLL
512 Hoffman Street
Philadelphia, PA.  19148
610-550-1765
Attorney for Debtor